# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIOTRACEIT CORPORATION,** *Plaintiff,* | : : : | **CIVIL ACTION** **NO. 25-4444** |
| v. | : : | |
| **DEBORAH DULLEN,** *et al.*, *Defendants.* | : : | |

# ORDER

**AND NOW**, this 5th day of November 2025, upon consideration of Plaintiff BioTraceIT Corporation's ("Plaintiff" or "BioTraceIT") *motion for temporary restraining order and preliminary injunction filed pursuant to Federal Rule of Civil Procedure ("Rule") 65*, (ECF 7), defendant Deborah Dullen's response in opposition thereto, (ECF 26), BioTraceIT's reply, (ECF 30), and the arguments heard at the October 6, 2025 preliminary injunction hearing, (ECF 41), it is hereby **ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, the motion for a preliminary injunction is **GRANTED**, as follows:

1. Defendants Deborah Dullen and Los Dud, Inc. and their officers, agents, servants, employees, and all persons in active concert or participation with them, are **RESTRAINED** and **ENJOINED** from:

    a. Taking any further action with respect to BioTraceIT's Patents (as defined in paragraph 5 in the Complaint (ECF 1)), including but not limited pending Application No. 18/114,375, and international patents and applications, such as filing assignments, powers of attorney, communications with the USPTO, or taking any other actions that could affect the prosecution, issuance, maintenance, or enforcement of said patents and applications;

b. Using, disclosing, or misappropriating BioTraceIT's trade secrets, including but not limited to: (i) proprietary algorithms for pain measurement; (ii) customer lists and pricing data; (iii) technical specifications for monitoring devices; (iv) manufacturing processes; (v) supplier relationships; and (vi) any other confidential business records, inventions, technologies, or proprietary information developed during Dullen's employment or obtained through her positions with BioTraceIT;

c. Violating the non-competition, non-solicitation, and confidentiality covenants in Dullen's employment agreements, (Exs. G, H, J to Compl.), including competing in the field of medical devices for pain measurement or soliciting BioTraceIT's employees, customers, contacts, or business partners;

d. Interfering with BioTraceIT's business relationships, goodwill, or existing and contemplated contractual relations, including through fraudulent representations about patent ownership or company control;

e. Destroying, altering, concealing, or disposing of any documents, data, or evidence related to the claims in the Complaint, including electronic records, USPTO communications, or business files.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*